IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WIDBY, | CASE NO. CV-F-04-6738 AWI DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED IN PART AND GRANTED IN PART |
| vs. | |
| LEWIS, et al., | [Doc. 32] |
| Defendants. | |

I.  Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed April 17, 2005, against defendants Dr. Neil Kushner, Officer Hesseltine ("defendants") and Officer Kim[1] for allegedly acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. On June 16, 2006, defendants filed a motion for summary judgment. Plaintiff filed an opposition on July 11, 2006 and defendants filed a reply on July 14, 2006.[2]

On August 8, 2006, plaintiff filed a request to stay ruling on defendants' motion for summary

---

[1] On December 15, 2006, the Court recommended that defendant Kim be dismissed from this action based on plaintiff's failure to obey the Court order of November 15, 2006. The District Court adopted this recommendation on February 15, 2007.

[2] Plaintiff was notified of the requirements for opposing summary judgment motions by order filed June 23, 2005.

1

judgment on the grounds that defendants had objected to his medical records and that he needed to subpoena them in order to authenticate the records. On August 16, 2006, defendants filed an opposition to the request for stay and offered to stipulate to the authenticity of the medical records for purposes of this motion. In light of defendants' stipulation, plaintiff's motion is denied.

II.     Legal Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the

suit under the governing law, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, <u>Anderson</u>, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, <u>Matsushita</u>, 475 U.S. at 587 (citing <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

III. <u>Statement of Undisputed Facts</u>

    1.    Plaintiff is an inmate incarcerated within the CDC and housed at Pleasant Valley State Prison. Second Amended Complaint.

    2.    Dr. Neil Kushner is a medical doctor licensed with the State of California. Kushner Decl.

    3.    At all times relevant to this action, Dr. Kushner was employed by the CDC. Kushner Decl.

4.⠀⠀⠀⠀At all times relevant to this action, Officer Rex Hesseltine was employed by the CDC. Hesseltine Dec.

5.⠀⠀⠀⠀Valley Fever is also known as coccidiodomycosis and caused by a fungus known as coccidiodes immitis. Kushner Decl.

6.⠀⠀⠀⠀It is an organism found in the soil of the southwestern United States, Mexico and parts of Central and South America. Kushner Decl.

7.⠀⠀⠀⠀Valley Fever is spread through the air. Kushner Decl.

8.⠀⠀⠀⠀It is diagnosed with a blood test. Kushner Decl.

9.⠀⠀⠀⠀In over half (60%) of infected persons, there are no symptoms. Kushner Decl., Plaintiff's Separate State of Disputed Facts, Ex. D.

10.⠀⠀⠀⠀Flu like symptoms may develop in infected persons, which may last for a month. Kushner Decl.

11.⠀⠀⠀⠀Dr. Kushner states there is no vaccine for Valley Fever. Kushner Decl.

12.⠀⠀⠀⠀Plaintiff alleges that for 12 days in May 2003, defendant Hesseltine failed to summon medical care for plaintiff's Valley Fever symptoms, which caused illness to worsen. Second Amended Complaint.

13.⠀⠀⠀⠀Defendant Hesseltine contends he was not aware that plaintiff ever suffered from Valley Fever. Hesseltine Decl.

14.⠀⠀⠀⠀Defendant Hesseltine is not a medical doctor. Hesseltine Decl.

15.⠀⠀⠀⠀Defendant Hesseltine contends he did not appreciate any danger to plaintiff as a result of Valley Fever. Hesseltine Decl.

16.⠀⠀⠀⠀Defendants contend there are not medical records indicating plaintiff complained of symptoms associated with Valley Fever between May and August 2003. Kushner Decl.

17.⠀⠀⠀⠀Defendants contend plaintiff was not seen or treated for Valley Fever in May, June, July or August of 2003. Kushner Decl.

18.⠀⠀⠀⠀Defendants contend that according to plaintiff's medical records, the first indication of symptoms associated with Valley Fever did not present until September 2003. Kushner Decl.

19.⠀⠀⠀⠀Between October 17, 2004 and December 18, 2004, plaintiff alleges Dr. Kushner

1 prescribed plaintiff Celebrex.  Kushner Decl.

2      20.    Plaintiff alleges that taking Celebrex prescribed by Dr. Kushner resulted in stroke like
3 symptoms.  Kushner Decl.

4      21.    Plaintiff has a history of chronic back, neck and leg pain.  Kushner Decl.

5      22.    In September 2004, Dr. Kushner prescribed Celebrex for plaintiff's pain complaints for
6 60 days.  Kushner Decl.

7      23.    According to plaintiff's medical records, at no time after being prescribed Celebrex was
8 plaintiff seen or treated for stroke like symptoms.  Kushner Decl.

9      24.    Dr. Kushner contends he treated plaintiff in good faith and did not take any action
10 intended to harm or cause additional pain to plaintiff.  Kushner Decl.

11 **IV.    Discussion**

12      In his second amended complaint, plaintiff alleges that in May 2003, he became seriously ill with
13 Valley Fever.  Plaintiff alleges that he requested that defendant Hesseltine summon medical care for him
14 and informed him that he was suffering from chills, fever, coughing up blood, headaches, rashes, nausea
15 and vomiting.  Plaintiff alleges that defendant refused to do so.  Plaintiff alleges that he remained in his
16 cell for 12 days without eating or sleeping.  Plaintiff also alleges that from October 19, 2004 through
17 December 18, 2004, Dr. Kushner prescribed him Celebrex which caused him to suffer stroke like
18 symptoms.

19      In their motion, defendants argues that they were not deliberately indifferent to plaintiff's serious
20 medical needs, and that plaintiff simply disagreed with Dr. Kushner's medical treatment.  Defendants
21 also argue that defendant Hesseltine is not a medical doctor and therefore did not appreciate any danger
22 to plaintiff as a result of Valley Fever.  Defendant Hesseltine argues there is no medical evidence that
23 plaintiff ever complained of or was treated for Valley Fever between May and August 2003 and he had
24 no subjective intent to harm plaintiff by failing to summon medical care in May 2003 for plaintiff's
25 symptoms of Valley Fever.

26      In his opposition, plaintiff argues that even if defendant Hesseltine did not specifically know that
27 plaintiff was suffering from Valley Fever or appreciate any danger as a result of Valley Fever, he
28 observed plaintiff suffering from severe symptoms and denied plaintiff's requests for medical care.  *See*

1 Plaintiff's Opposition p.7. Plaintiff argues that the absence of medical records documenting treatment
2 for Valley Fever between May and August 2003 further supports his claim that he was denied treatment.

3 As to Dr. Kushner, plaintiff does not dispute that he originally gave plaintiff Celebrex for pain.
4 However, plaintiff contends after he began to suffer stroke like symptoms, Dr. Kushner did not further
5 evaluate him and simply told him that he wasn't having a stroke and that he should keep taking the
6 medication. *See* Plaintiff's Opposition, p. 10. Plaintiff argues that Dr. Kushner knew or should have
7 known that long term use of this particular medication could cause heart attacks or stroke and that Dr.
8 Kushner should have sent plaintiff for testing to rule out a stroke. Plaintiff's Opposition, p. 11.

9 "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment
10 Clause depends upon the claim at issue . . . ." Id. at 8. "The objective component of an Eighth
11 Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8
12 (quotations and citations omitted). A prisoner's claim of inadequate medical care does not constitute
13 cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to
14 serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference"
15 standard involves an objective and a subjective prong. First, the alleged deprivation must be, in
16 objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v.
17 Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state
18 of mind," which entails more than mere negligence, but less than conduct undertaken for the very
19 purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a
20 deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate
21 health or safety." Id.

22 Viewed in the light most favorable to plaintiff, the evidence shows that during the month of May
23 2003, plaintiff suffered from symptoms such as severe headaches, vomiting, coughing up blood, skin
24 lesions, sweating, fever and vomiting. Plaintiff states that he informed defendant Hesseltine that he felt
25 like was going to die and that he hadn't eaten in a few days. Plaintiff's Opposition, p. 7. Plaintiff
26 contends defendant Hesseltine refused to summon medical treatment for him. *Id.* Plaintiff's medical
27 records, the authenticity of which defendants stipulate to for purposes of this motion (*See* Document #
28 43, p. 4:27-28), indicate that plaintiff was diagnosed with a "primary coccidiodal infection" on

6

September 12, 2003 and was thereafter hospitalized. Plaintiff's Statement of Disputed Facts, "Medical Exhibit."

Although defendant Hesseltine states that he did not appreciate any danger to plaintiff as a result of Valley Fever, plaintiff contends he presented to defendant with severe symptoms and defendant refused to summon medical care. Further, there is no dispute that plaintiff was diagnosed with Valley Fever, at least by September 2003. The court finds that there is a factual dispute between the parties concerning whether defendant Hesseltine refused to summon medical care for plaintiff. If plaintiff was suffering from the severe symptoms which he alleges, defendant's failure to summon medical care, despite observing plaintiff's suffering, may rise to the level of an Eighth Amendment violation.[3] Therefore, the court finds that the factual dispute between the parties is material and precludes defendant Hesseltine from entitlement to judgment as a matter of law on plaintiff's claim against him. Accordingly, the court recommends that defendant Hesseltine's motion for summary judgment be denied.

As to Dr. Kushner, "[d]eliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

The undisputed facts establish that Dr. Kushner prescribed plaintiff Celebrex for pain. Plaintiff has submitted no evidence that defendant Kushner knew of and disregarded an excessive risk to plaintiff's health.[4] Farmer, 511 U.S. at 834. The conclusory assertion that defendant should have known

---

[3] Defendant does not argue that plaintiff's medical condition was not serious.

[4] Verified complaints and oppositions constitute opposing affidavits for purposes of the summary judgment rule if they are based on facts within the pleader's personal knowledge. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998). The asserted facts must be based on an inmate's personal knowledge of admissible evidence, and not merely on the inmate's belief. McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curium); Lew v. Kona Hospital, 754 F.2d 1420, 1423 (9th Cir. 1985); Fed. R. Civ. P. 56(e). In conjunction with its review of defendants' motion, the court has treated

7

the risks associated with the medication does not raise a triable issue of fact with respect to whether defendant Kushner acted with deliberate indifference. As a lay person with no medical training, plaintiff is not qualified to opine that Dr. Kushner should have sent him for further testing or that the failure to do so placed him at risk. Plaintiff's opinion as to the urgency of his condition and what should have been done to treat it more immediately is insufficient to raise a triable issue of fact with respect to whether defendant acted with deliberate indifference to a serious medical need.

At most, plaintiff's disagreement with Dr. Kushner's conduct constitutes a disagreement with the course of treatment provided by prison officials. This disagreement cannot support a claim of deliberate indifference under section 1983. To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). Plaintiff has not submitted any such evidence. Because plaintiff has not presented any evidence that defendant Kushner acted with deliberate indifference during his involvement in plaintiff's medical care, defendant Kushner is entitled to judgment as a matter of law on plaintiff's claim against him.

V.   Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion for summary judgment, filed June 16, 2006, be DENIED IN PART and GRANTED IN PART as follows:

    1.    Defendant Hesseltine's motion for summary judgment be DENIED;

    2.    Defendant Kushner's motion for summary judgment be GRANTED; and

    3.    This matter be referred back to the undersigned to proceed to trial against defendant Hesseltine only.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

---

plaintiff's complaint and opposition as opposing affidavits to the extent possible.

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:  February 20, 2007**               **/s/ Dennis L. Beck**
3b142a                                       UNITED STATES MAGISTRATE JUDGE