1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JOSEPH BERNARD WIDBY,                    CASE NO. 1:04-CV-6738-AWI- DLB PC

10
                          Plaintiff,          FINDINGS AND RECOMMENDATION
11                                            DISMISSING CASE WITH PREJUDICE,
        v.                                    BASED ON PLAINTIFF'S FAILURE TO
12                                            OBEY A COURT ORDER AND FAILURE TO
                                              PROSECUTE
13   GAIL LEWIS et al.,
                                              ORDER VACATING TRIAL DATE
14                        Defendants.

15   _____/

16

17         Plaintiff Joseph Widby ("plaintiff") is a former state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   This case is set for trial on

19   November 6, 2007.   On April 5, 2007, the court ordered that plaintiff file a pretrial statement on

20   August 20, 2007.  Defendants filed a pretrial statement on September 13, 2007.  Plaintiff did not file

21   a pretrial statement.

22         On September 19, 2007, this court issued an Order to Show Cause Why the Case Should Not

23   be Dismissed for Plaintiff's Failure to Comply with a Court Order. Plaintiff was ordered to file a

24   response to the Order to Show Cause as well as to file a pretrial statement by September 26, 2007.

25   Plaintiff's deadline was extended until October 19, 2007.  To date, plaintiff has failed to file any

26   response.

27         Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local

28   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

1

1    sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

2    control their dockets and "in the exercise of that power, they may impose sanctions including, where

3    appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

4    1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

5    action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

6    Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

7    Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

8    requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

9    (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

10   address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

11   comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

12   failure to lack of prosecution and failure to comply with local rules).  In determining whether to

13   dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local

14   rules, the court must consider several factors: (1) the public's interest in expeditious resolution of

15   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

16   the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

17   alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

18   Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

19          In the instant case, the court finds that the public's interest in expeditiously resolving this

20   litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third

21   factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

22   injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air

23   West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of

24   cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

25   Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal

26   satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;

27   Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order requiring plaintiff to file

28   a pre-trial statement expressly stated: "The parties are advised that failure to file pre-trial statements

1   as required by this order may result in the imposition of appropriate sanctions, which may include

2   dismissal of the action or entry of default." Moreover, the Order to Show Cause expressly stated that

3   plaintiff's failure to reply to the court's order may result in dismissal of this case with prejudice.

4   Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the

5   court's order.

6       Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, with

7   prejudice, based on plaintiff's failure to obey the court's orders filed on April 5, 2007, and

8   September 19, 2007, and for failure to prosecute. In light of the foregoing order, the trial scheduled

9   for November 6, 2007, is vacated.

10      These Findings and Recommendations are submitted to the United States District Judge

11  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **eleven (11)**

12  **days** after being served with these Findings and Recommendations, plaintiff may file written

13  objections with the court. Such a document should be captioned "Objections to Magistrate Judge's

14  Findings and Recommendations." Plaintiff is advised that failure to file objections within the

15  specified time may waive the right to appeal the District Court's order. Martinez v. Yist, 951 F.2d

16  1153 (9th Cir. 1991).

17

18      IT IS SO ORDERED.

19  **Dated:    October 23, 2007**                    **/s/ Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28

3